# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **SECURITY DATA SUPPLY, LLC,** § | |
| **SDS OF NEW ORLEANS, LLC, SDS OF** § | |
| **BATON ROUGE, LLC, SDS OF** § | **CIVIL ACTION NO. 2:17-CV-10578** |
| **MANDEVILLE, LLC, SDS OF MONROE,** § | |
| **LLC, SDS OF BOSSIER CITY, LLC, SDS** § | |
| **OF DALLAS, LLC, SDS OF HOUSTON,** § | |
| **LLC, SDS OF SAN ANTONIO, LLC, SDS** § | **SECTION: "L"** |
| **OF JACKSON, LLC, SDS OF MOBILE,** § | |
| **LLC, and SDS OF CENTRAL TEXAS,** § | |
| **LLC,** § | **HON. ELDON E. FALLON** |
| § | |
| **Plaintiffs,** § | **HON. KAREN WELLS ROBY** |
| **v.** § | |
| § | |
| **NORTEK SECURITY AND CONTROL,** § | |
| **LLC, WAVE ELECTRONICS, INC.** § | |
| **and EARNEST BERNARD** § | |
| § | |
| **Defendants.** § | |

## DEFENDANT WAVE ELECTRONICS, INC.'s REPLY IN SUPPORT OF ITS RULE 12(B)(6) MOTION TO DISMISS COUNTS 1, 2 (IN PART), 3, 4, 5, 6, 7, 8 & 9 OF FIRST AMENDED AND RESTATED COMPLAINT

SMYSER KAPLAN & VESELKA, L.L.P.

Shaun G. Clarke, Lead Attorney (La. Bar #24054)
David Isaak (*pro hac vice*)
Kristin E. Adler (*pro hac vice*)
700 Louisiana, Suite 2300
Houston, Texas 77002
(713) 221-2300 (Telephone)
(713) 221-2320 (Fax)
sclarke@skv.com
disaak@skv.com
kadler@skv.com
**ATTORNEYS FOR DEFENDANT
WAVE ELECTRONICS, INC.**

750428.1


## **TABLE OF CONTENTS**

INTRODUCTION ...................................................................................................................1

ARGUMENT AND AUTHORITIES ....................................................................................1

1.    SDS Concedes that its Robinson-Patman Act Claims in Count 1, Count 2 (in part) and Count 3 Fail Against Non-Seller Wave, and Must Be Dismissed. .....................................................................................................................1

2.    Count 4 Must Be Dismissed. ....................................................................................2

      a.    SDS Admits the Fifth Circuit Has Not Recognized a Corporate Bribery Claim under 15 U.S.C. §13(c). .......................................................2

      b.    Count 4 fails also because SDS has not pled corporate bribery with the particularity required by Fed. R. Civ. P. 9(b). ..................................3

3.    Plaintiffs concede no Louisiana court or statute has ever recognized a civil corporate bribery cause of action; Count 5 must be dismissed............................5

4.    SDS shows no basis for its purported LUPTA claim against Wave, and Count 6 must be dismissed. .....................................................................................5

5.    Count 7:  Plaintiff fails to allege (and cannot allege) a DTPA claim. ................5

6.    Count 8:  Plaintiffs have alleged no California conduct to state California-law claims against Wave. ..........................................................................................7

7.    Count 9, alleging a breach of the implied covenant of good faith and fair dealing, must be dismissed because there is no contract between Plaintiffs and Wave. ...................................................................................................................7

8.    Adoption and Incorporation by Reference of Other Defendants' Arguments. .................................................................................................................7

CONCLUSION ...........................................................................................................................8

CERTIFICATE OF SERVICE ................................................................................................8

750428.1

# TABLE OF AUTHORITIES

**Page(s)**

**CASES**

*Ashcroft v. Iqbal*,
  556 U.S. 662 (2009) .................................................................................................................4

*Benchmark Elecs., Inc. v. J.M. Huber Corp.*,
  353 F.3d 719 (5th Cir. 2003) ...................................................................................................4

*Blue Tree Hotels, Inv. v. Starwood Hotels & Resorts Worldwide, Inc.*,
  369 F.3d 212 (2d Cir. 2004) ................................................................................................2, 3

*Bunker Ramo Corp. v. Cywan*,
  511 F. Supp. 531 (N.D.Ill. 1981) .............................................................................................3

*East Hill Marine, Inc. v. Rinker Boat, Inc.*
  229 S.W.3d 813 (Tex. App. – Ft. Worth, 2007) ......................................................................6

*Excel Handbag Co., Inc. v. Edison Bros. Stores, Inc.*,
  630 F.2d 379 (5th Cir. 1980) ...............................................................................................2, 4

*Gregoris Motors v. Nissan Motor Corp.*,
  630 F. Supp. 902 (E.D.N.Y. 1986) ..........................................................................................2

*Spillway Invs., L.L.C. v. Pilot Travel Cntrs. LLC*,
  2005 WL 517498 (E.D. La. Feb. 22, 2005) .............................................................................7

*Taylor v. Burk*,
  722 S.W.2d 226 (Tex. App. – Amarillo 1986, *writ ref'd n.r.e.*) ..............................................6

*United Mag. Co., v. Murdoch Mags. Distrib., Inc.*,
  146 F. Supp. 2d 385 (S.D.N.Y. 2001) .....................................................................................4

**STATUTES**

15 U.S.C. §13(a) ............................................................................................................................1

15 U.S.C. §13(c) ............................................................................................................................2

15 U.S.C. §13(d) ............................................................................................................................1

15 U.S.C. § 13(f) ............................................................................................................................1

Cal. Bus. & Prof. Code § 16700 ....................................................................................................7

Cal. Bus. & Prof. Code § 17200 ("UCL") .....................................................................................7

La. R.S. 14:73 ............................................................................................................................5

LA Rev. Stat. 51:1418 ...............................................................................................................5

**OTHER AUTHORITIES**

23 Williston on Contracts § 63:22 (4th ed.).............................................................................7

Fed. R. Civ. P. 9(b) ................................................................................................................3, 4

FED. R. CIV. P. 10(c) ...................................................................................................................7

## INTRODUCTION

Plaintiffs' First Amended and Restated Complaint contains *one* sufficiently-alleged (though meritless) claim against Wave, and it is the one claim that is not subject to Wave's Motion to Dismiss.[1] Plaintiff concedes Counts 1, 2 (in part), and 3 must be dismissed against Wave. Its arguments on the remaining Counts confirm that these counts have no legal basis. Accordingly, the Court should dismiss all of Plaintiffs' claims except the portion of Count 2 that makes a claim under 15 U.S.C. § 13(f).

## ARGUMENT AND AUTHORITIES

**1. SDS Concedes that its Robinson-Patman Act Claims in Count 1, Count 2 (in part) and Count 3 Fail Against Non-Seller Wave, and Must Be Dismissed.**

In the Response and Memorandum in Opposition to Wave's Motion to Dismiss, Plaintiffs Security Data Supply, LLC and its various franchisees (collectively, "SDS" or "Plaintiffs") *concede* that their Robinson-Patman Act allegations of 15 U.S.C. §13(a) and §13(d) apply only to sellers and fail against WAVE Electronics, Inc. ("Wave"). Doc. 52 at 6 ("SDS *concedes* that Sections 13(a) applies to sellers and their agents, and the individual claims under that section of the RPA against Wave may be dismissed."); *id.* ("SDS also *concedes* that Section 13(d) applies to advertisements rather than to price discrimination. Insofar as the Amended Claim relates to price discrimination, this claim should be dismissed."). Accordingly, Counts 1 and 2 (in part), which allege violations of 15 U.S.C. §13(a), and Count 3, which alleges violations of 15 U.S.C. §13(d), must be dismissed as to Wave.

Wave also incorporates by reference Nortek's arguments in both its initial brief and support and its Reply brief that the Franchisee Plaintiffs lack standing to bring Robinson-Patman

---

[1] Wave did not include in its Motion to Dismiss the portion of Count 2 that alleges a violation of 15 U.S.C. §13(f). Wave strongly contends that this claim lacks factual support, but, of course, a party may not argue a lack of factual support at this stage in the litigation.

1

750428.1

claims.

2. **Count 4 Must Be Dismissed.**

   a. **SDS Admits the Fifth Circuit Has Not Recognized a Corporate Bribery Claim under 15 U.S.C. §13(c).**

SDS admits that "the issue of commercial bribery under Section 13(c) might be an issue of first impression in the Fifth Circuit." Doc. 53 at 9. In *Excel Handbag Co., Inc. v. Edison Bros. Stores, Inc.*, 630 F.2d 379 (5th Cir. 1980), the Fifth Circuit "specifically [declined] to reach" the question of whether "commercial bribery alone could constitute a violation of Section 2 of Robinson-Patman." *Id*. at 387.[2] In the thirty-eight years since *Excel Handbag*, the Fifth Circuit has never held that corporate bribery claims are under Section 13(c). *Blue Tree Hotels, Inv. v. Starwood Hotels & Resorts Worldwide, Inc.*, 369 F.3d 212, 221 (2d Cir. 2004), containing the most recent Circuit Court discussion of a potential bribery claim under Section 13(c), confirms that section 13(c) was aimed at "dummy brokers" used by wholesalers to pass on discounts to large retailers – a circumstance that does not apply here.

SDS points to dicta in two out-of-circuit district court cases that it describes as "factually similar." Doc. 53 at 9. Neither case can salvage SDS's purported §13(c) corporate bribery claim against Wave. ***In both cases relied on by SDS, the courts dismissed section 13(c) claims.*** In *Gregoris Motors v. Nissan Motor Corp.*, 630 F. Supp. 902 (E.D.N.Y. 1986), the first case cited by SDS, the court found the pleadings were insufficient as to certain defendants. SDS acknowledges as much. Doc. 53 at 10 ("[T]he district court found that the plaintiffs did not allege the specificity of the nature of the bribes, the recipients, and the beneficiaries of the preferential treatment."). In the second case, too, the §13(c) claim failed. The court held that the purported commercial bribery claim was "not cognizable under section 2(c) of the Robinson-

---

[2] Section 2 of the Robinson-Patman Act is found at 15 U.S.C. §13.

2

Patman Act." *Bunker Ramo Corp. v. Cywan*, 511 F. Supp. 531, 534 (N.D.Ill. 1981).

> **b.   Count 4 fails also because SDS has not pled corporate bribery with the particularity required by Fed. R. Civ. P. 9(b).**

Even if the Fifth Circuit were to allow a corporate bribery claim to proceed under 13(c), SDS's allegations fail. SDS points to paragraphs 157 through 160 of its First Amended and Restated Complaint ("1st Am. Compl.") as the basis of the purported bribery claim,[3] Doc. 53 at 11, but these allegations are conclusory and insufficient.

Paragraphs 157 through 160 allege:

- "Bernard … accepted cash, checks, American Express gift cards and other items of value from Wave." *Id*. at ¶157.

- "Wave knowingly provided these items of value to Bernard to influence his conduct in relation to Wave's to implementation [sic] of its Four Star Program…." *Id.* at ¶158.

- "Bernard negotiated the special terms between Wave and NSC as a result of Wave making [sic] the corporate bribes…." *Id.* at ¶159.

- "With its bribery scheme, Wave knowingly induced and received a prohibited discrimination in price …." *Id.* at ¶160.

These allegations are insufficient to state a claim for commercial bribery. First, a "bribe" label does not make it so. *Blue Tree Hotels Inv. v. Starwood Hotels & Resorts Worldwide, Inc*., 369 F.3d 212, 221 (2d Cir. 2004) (dismissing a bribery claim "premised entirely on the tautology created by the fact that the [Plaintiff] labeled the payments … "kickbacks"). SDS's allegations

---

[3] Combing the entire 233 paragraphs of the 1st Am. Compl. does not uncover any sufficient allegations. Several paragraphs simply use the conclusory labels "bribes" and "kickbacks." "In return for NSC allowing Wave's anti-competitive pricing, Bernard accepted corporate bribes from Wave … [and] laundered through American Express gift cards." First Amended and Restated Complaint ("1st Am. Compl.") at ¶32. "Wave was providing NSC … with corporate bribes and kickbacks …" *Id*. at ¶65. "Wave provided bribes and corporate kickbacks to NSC by issuing payments from MSTR Brand's accounts directly to Bernard." *Id.* at ¶71. "MSTR Brand provided Bernard with a 1099 tax form that provided evidence of the payments." *Id.* at ¶72. "Wave discontinued the use of MSTR Payments to bribe Bernard and instead starting purchasing American Express Gift cards that it provided to Bernard in lieu of the bribery payments." *Id*. at ¶73. "Wave used these American Express Gift Cards as bribery payments…." *Id*. at ¶74. "Bernard … accepted cash, checks, American Express gift cards and other items of value from Wave." *Id*. at ¶157. "NSC and Bernard, in return for the bribes … allowed Wave to perpetuate its scheme of placing virtually all of its smaller dealers into the Four Star Program…." *Id*. at ¶76.

3

fail to set out the "who, what, when, where and how" required by Rule 9(b), *Benchmark Elecs., Inc. v. J.M. Huber Corp.*, 353 F.3d 719, 723 (5th Cir. 2003), and are similar to allegations rejected by other courts as insufficient.  *See*, *e.g.*, *United Mag. Co., v. Murdoch Mags. Distrib., Inc.*, 146 F. Supp. 2d 385, 396-97 (S.D.N.Y. 2001) (holding insufficient the allegation on information and belief that "[Defendant Distributors] offered and/or [Defendant Wholesaler] … solicited, induced and knowingly received … secret Discounts, Rebates and Deductions knowing that they were not being offered or made available to plaintiffs and that such Discounts, Rebates and Deductions were in violation of the Robinson–Patman Act").

Second, the allegations ***contradict*** inducement, a necessary portion of a bribery claim. SDS alleges that Nortek allowed Wave to participate in the Four Star program ***notwithstanding knowledge of payments*** and ***even after the alleged payments to Bernard stopped***:

- "Despite terminating Bernard for accepting these bribes, NSC managers have allowed the special pricing and rebates provided to Wave to continue." *Id.* at ¶163.

- "[O]nce NSC's senior management became aware of the scheme, they allowed it to continue." *Id.* at ¶ 66.

- "This bribery scheme was done with the knowledge of NSC … even after knowledge of this scheme was revealed, NSC desired to continue the Four Star Program." *Id.* at ¶78.

The bribery claim is implausible.  Why would Wave bribe Bernard if it could obtain the alleged discounts without doing so?[4]  Without sufficient allegations of inducement, the bribery claim must be dismissed.  *Excel Handbag* Co., 630 F.2d at 386-87 (holding no evidence of commercial bribery because no "proof of inducement"); *see Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (complaint must "state a claim to relief that is plausible on its face.").

---

[4]  Wave categorically denies that it received discriminatory discounts or that it bribed Bernard.

3. **Plaintiffs concede no Louisiana court or statute has ever recognized a civil corporate bribery cause of action; Count 5 must be dismissed.**

SDS seeks to bring a Louisiana state law claim for corporate bribery in Count 5, but there is no basis in current Louisiana law to impose a civil remedy for corporate bribery. SDS concedes as much. Doc. 52 at 7 (Plaintiff concedes "La. R.S. 14:73[] does not provide a civil remedy") and *id.* at 8 ("[T]he civil remedy for corporate bribery would be an issue of first impression for this Court"). Count 5 has no basis in law and must be dismissed.[5]

4. **SDS shows no basis for its purported LUPTA claim against Wave, and Count 6 must be dismissed.**

SDS concedes that Louisiana Unfair Trade Practices Act ("LUPTA"), LA Rev. Stat. 51:1418, requires a signed writing.[6] SDS makes no argument to explain how SDS can bring a LUPTA claim against Wave. Instead, SDS incorporates its Opposition to Nortek's Motion to Dismiss,[7] where it admits "SDS did not have a formal, written contract," Doc. 54 at 17, and that SDS "negotiated with Nortek" (and *not* with Wave). SDS fails to meet the requirements for a LUPTA claim against Wave, and Count 6 must be dismissed.

Moreover, Wave adopts Nortek' arguments in its Original and Reply Briefs as to Count 6.

5. **Count 7: Plaintiff fails to allege (and cannot allege) a DTPA claim.**

SDS seeks to rely on the "unconscionable act" provision of the Texas DTPA, Tex. Bus. & Com. §17.45(5), but admits it did not plead "unconscionable act or practice which takes

---

[5] Even if there were a basis in Louisiana law for a commercial bribery claim, SDS's allegations are insufficient and implausible. See discussion above in part 2b.

[6] LUPTA has other requirements in Subsection A that SDS has not, and cannot meet, and that SDS fails to address in its Oppositions.

[7] Doc. 52 at 8.

5

advantage of a consumer's lack of knowledge, ability, experience, or capacity." Doc. 52 at 8.[8] SDS has not alleged any *facts* to show that it lacks knowledge, ability, experience or capacity or is the type of "consumer" that the DTPA is designed to protect, *East Hill Marine, Inc. v. Rinker Boat, Inc*. 229 S.W.3d 813, 821 (Tex. App. – Ft. Worth, 2007) ("the DTPA [is] a viable source of relief for consumers in small transactions and [does not apply to] litigation between businesses over large transactions"), much less that it is a "consumer" *with respect to Wave.* 1st Am. Compl. at ¶22 (alleging Wave is a "competitor of SDS."); *see Taylor v. Burk*, 722 S.W.2d 226, 229 (Tex. App. – Amarillo 1986, *writ ref'd n.r.e.*) (affirming trial court's judgment notwithstanding the verdict in favor of homebuilder Burk on a DTPA claim because plaintiff presented no evidence that Burk, who sold home to another party who then sold home to plaintiff "was connected with the [ ] transaction [involving] plaintiff." Instead, SDS alleges that it is a franchisor with a dozen franchisees, and numerous clients and customers, *e.g.*, 1st Am. Compl. at ¶¶4-15, that is dealing in and seeking many millions of dollars in this lawsuit. *Id*. at ¶¶107-108 (seeking $9,575,000.00 and other unspecified losses).

SDS's allegations are not only insufficient to state a DTPA claim, but they also affirmatively demonstrate that the DTPA does not apply because the DTPA expressly forbids actions arising from a … set of transactions relating to the same project, involving total consideration … of more than $500,000.00." Tex. Bus. & Com. §17.49(g); *East Hill Marine*, 229 S.W.3d at 821 ("The purpose of this exemption is to maintain the DTPA as a viable source of relief for consumers in small transactions and to remove litigation between businesses over large transactions from the scope of the DTPA."). Count 7 must be dismissed. Because these deficiencies cannot be cured, Wave respectfully requests that the Court deny SDS's request at

---

[8] SDS impermissibly seeks to bootstrap a DTPA claim onto a non-viable corporate bribery claim. Doc. 52 at 8-9. See discussion above in Parts 2 and 3.

6

750428.1

Doc. 52 at 9 to amend its First Amended and Restated Complaint to re-plead its DTPA claim.

6. **Count 8: Plaintiffs have alleged no California conduct to state California-law claims against Wave.**

Plaintiffs do not dispute that Cal. Bus. & Prof. Code § 16700 ("UPA" or the "Cartwright Act") and Cal. Bus. & Prof. Code § 17200 ("UCL") require that the conduct on which a claim is based must occur in California. Doc. 54 at 18.[9] SDS makes no allegation that Wave engaged in any California conduct. Count 8 must be dismissed as to Wave.

Wave also adopts and incorporates by reference Nortek's arguments in both its Original and Reply Briefs as to Count 8.

7. **Count 9, alleging a breach of the implied covenant of good faith and fair dealing, must be dismissed because there is no contract between Plaintiffs and Wave.**

Plaintiffs do not dispute that there is *no* contract between Plaintiffs and Wave. Doc. 52 at 9-10. Instead, Plaintiffs argue, "an implicit contract existed between **Nortek** and Wave." Doc. 52 at 10. Whether true or false, it is wholly beside the point. A purported contract between Defendant *Nortek* and Defendant Wave cannot serve as the basis to imply a duty between *Plaintiffs* and Wave. *Spillway Invs., L.L.C. v. Pilot Travel Cntrs. LLC*, 2005 WL 517498, at *7 (E.D. La. Feb. 22, 2005) (Louisiana law) ("[W]here no enforceable contract exists, no covenant of good faith and fair dealing can be implied."); 23 Williston on Contracts § 63:22 (4th ed.) ("Every contract imposes an obligation of good faith and fair dealing *between the parties* in its performance …") (emphasis added). Count 9 must be dismissed.

8. **Adoption and Incorporation by Reference of Other Defendants' Arguments.**

Pursuant to FED. R. CIV. P. 10(c), Wave adopts and incorporates by reference the applicable arguments of its co-defendants Nortek and Bernard as if fully set forth herein.

---

[9] In its Opposition in Response to Wave, Doc. 52 at 8, SDS incorporates its argument in Doc. 54.

7

## CONCLUSION

Counts 1, 2 (in part), 3, 4, 5, 6, 7, 8 and 9 of Plaintiffs' Complaint should be dismissed.

DATED: May 21, 2018.					Respectfully submitted,

**SMYSER KAPLAN & VESELKA, L.L.P.**

*/s/ Shaun G. Clarke*
Shaun G. Clarke, Lead Attorney (La. Bar #24054)
David Isaak (*pro hac vice*)
Kristin E. Adler (*pro hac vice*)
700 Louisiana, Suite 2300
Houston, Texas 77002
(713) 221-2300 (Telephone)
(713) 221-2320 (Fax)
sclarke@skv.com
disaak@skv.com
kadler@skv.com
**ATTORNEYS FOR DEFENDANT WAVE ELECTRONICS, INC.**

## CERTIFICATE OF SERVICE

I hereby certify that on May 21, 2018, a copy of the foregoing pleading was filed electronically with the Clerk of Court using the CM/ECF system. Notice of this filing will be sent to all counsel of record registered to receive electronic service by operation of the court's electronic filing system.

*/s/ Shaun G. Clarke*
Shaun G. Clarke

750428.1