# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **SECURITY DATA SUPPLY, LLC, ET AL.** | * | **CIVIL ACTION** |
| | * | |
| **VERSUS** | * | **NO. 17-10578** |
| | * | |
| **NORTEK SECURITY CONTROL, LLC, ET AL.** | * | **SECTION "L" (4)** |

## ORDER & REASONS

Before the Court are Defendants' motions to dismiss, R. Docs. 40, 42, and 46. Plaintiffs respond in opposition. R. Docs. 52, 53, and 54. The Court heard oral argument on these motions on May 23, 2018. Having considered the parties' arguments and the applicable law, the Court issues this Order & Reasons.

### I. BACKGROUND

In this case, Plaintiffs Security Data Supply, LLC ("SDS"), and its franchise locations, bring claims for antitrust violations. R. Doc. 1 at 2. Plaintiffs also allege violations of state laws in Louisiana, Texas, and California. R. Doc. 1 at 2. SDS is a wholesale distributor of electronic security systems and sells these systems through franchise retail locations. R. Doc. 1 at 3. SDS brings antitrust claims against Defendants Nortek Security and Control ("Nortek"), Wave Electronics, Inc. ("Wave"), and Earnest Bernard. R. Doc. 1 at 5-6. Nortek is a manufacturer of electronic security systems. R. Doc. 1 at 5. Wave is a wholesale distributor of electronic security systems in competition with SDS. R. Doc. 1 at 5. Earnest Bernard is a former sales representative of Nortek. R. Doc. 1 at 6.

SDS and Wave sell Nortek products in direct competition with each other. R. Doc. 1 at 8. SDS alleges that while Bernard was employed at Nortek he provided Wave with preferential pricing on Nortek products and accepted corporate bribes in return. R. Doc. 1 at 6-7. SDS alleges

1

that Nortek sold identical products to SDS and Wave but intentionally discriminated in price, providing a lower price to Wave through a "Four Star Program," a type of rebate program. R. Doc. 1 at 9-10. SDS alleges that this program was designed for high volume sales but that Wave and Bernard fudged the numbers to allow almost all of Wave's purchases to fit into the program. R. Doc. 1 at 10. SDS alleges that this program allowed Wave to sell Nortek products at a lower price than SDS could purchase them. R. Doc. 1 at 10. SDS further alleges that Nortek management was aware of this preferential pricing scheme and allowed it to continue after discovering that Bernard was fudging the numbers and taking bribes. R. Doc. 1 at 7, 11.

SDS alleges that because of this scheme competition has been injured and SDS has lost at least 59 clients and $9.5 million per year. R. Doc. 1 at 16-18. Therefore, SDS bring claims against Defendants for violations of the Robinson-Patman Act ("RPA") (15 U.S.C. §13(a), (c), (d), (f)), and state law claims of corporate bribery and violations of state trade practices acts. R. Doc. 1. Plaintiffs ask for treble damages, attorney's fees and costs, interest, and injunctive relief. R. Doc. 1 at 38.

## II. PENDING MOTIONS

### a. Defendant Nortek's Motion to Dismiss (R. Doc. 40)

Defendant Nortek moves to dismiss Plaintiffs' claims for lack of personal jurisdiction under Federal Rule of Civil Procedure 12(b)(2) and on the merits of the claims under Rule 12(b)(6). R. Doc. 40. Nortek argues that this Court does not have general jurisdiction because Nortek is a California corporation with its principle place of business in California. R. Doc. 40-1 at 1. Nortek argues that this Court does not have specific jurisdiction because none of the alleged wrongful conduct in Plaintiffs' complaint is connected to Nortek's limited contacts with Louisiana. R. Doc. 40-1 at 7. Plaintiffs respond in opposition arguing that this Court has specific jurisdiction over

2

Nortek because Nortek avails itself of the business in Louisiana by marketing and distributing its products in Louisiana. R. Doc. 54 at 6.

   b. **Defendant Bernard's Motion to Dismiss (R. Doc. 42)**

Defendant Bernard moves to dismiss Plaintiffs' claims for lack of personal jurisdiction under Federal Rule of Civil Procedure 12(b)(2) and on the merits of the claims under Rule 12(b)(6). R. Doc. 42. Bernard argues that this Court lacks personal jurisdiction over him because he lives in Fort Worth, Texas, worked for Nortek in Texas, and Plaintiffs did not allege that he has any contacts with Louisiana. R. Doc. 42 at 7. Plaintiffs respond in opposition arguing that the Court may exercise supplemental/pendent party jurisdiction over Bernard. R. Doc. 53 at 6.

   c. **Defendant Wave's Motion to Dismiss (R. Doc. 46)**

Defendant Wave moves to dismiss all but one claim against it under Federal Rule of Civil Procedure 12(b)(6). R. Doc. 46. Wave argues that several of Plaintiffs' RPA claims are not applicable to it under these facts. R. Doc. 46-1 at 4. Wave argues that Plaintiffs' claims for corporate bribery are not covered by the RPA and are not pled with sufficient particularity under state law. R. Doc. 46-1 at 5. Wave also alleges various problems with Plaintiffs' other state law claims. R. Doc. 46-1 at 6-8. Plaintiffs respond in opposition. R. Doc. 52. Plaintiffs admit that some of their RPA claims do not apply to Wave, however, Plaintiffs maintain that Wave is generally liable under the RPA. R. Doc. 52 at 5-6.

**III.   LAW & ANALYSIS**

   a. **Personal Jurisdiction - Federal Rule of Civil Procedure 12(b)(2)**

Personal jurisdiction "is an essential element of the jurisdiction of a district court, without which it is powerless to proceed to an adjudication." *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 583 (1999) (internal citation omitted). When a nonresident defendant moves the court to

dismiss for lack of personal jurisdiction under Rule 12(b)(2), the plaintiff bears the burden to show that personal jurisdiction exists. *Stuart v. Spademan*, 772 F.2d 1185, 1192 (5th Cir. 1985). When a district court rules on a motion to dismiss for lack of personal jurisdiction without holding an evidentiary hearing, as in the present case, the nonmoving party need only make a *prima facie* showing. *Godhra v. United States Tobacco Co., Inc.*, 188 F.3d 619, 625 (5th Cir. 1999). The allegations of the complaint, except as controverted by opposing affidavits, must be taken as true, and all conflicts in the facts must be resolved in favor of plaintiffs. *Thompson v. Chrysler Motors Corp.*, 755 F.2d 1162, 1165 (5th Cir. 1985).

A court has personal jurisdiction over a nonresident defendant if (1) the forum state's long-arm statute confers personal jurisdiction over that defendant, and (2) the forum state's exercise of jurisdiction complies with the Due Process Clause of the Fourteenth Amendment. *Latshaw v. Johnson*, 167 F.3d 208, 211 (5th Cir. 1999). Because Louisiana's long-arm statute, La. R.S. § 13:3201, *et seq.*, extends jurisdiction to the full limits of due process, the Court's focus is solely on whether the exercise of its jurisdiction in this case satisfies federal due process requirements. *Dickson Marine Inc. v. Panalpina, Inc.*, 179 F.3d 331, 336 (5th Cir. 1999) (citing La. R.S. § 13:3201(B)).

The exercise of personal jurisdiction over a nonresident defendant satisfies due process when (1) the defendant has purposefully availed itself of the benefits and protections of the forum state by establishing "minimum contacts" with that state, and (2) exercising personal jurisdiction over the defendant does not offend "traditional notions of fair play and substantial justice." *Latshaw*, 167 F.3d at 211 (citing *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945)).

"The 'minimum contacts' prong of the inquiry may be further subdivided into contacts that give rise to 'specific' personal jurisdiction and those that give rise to 'general' personal

jurisdiction. *Wilson v. Belin*, 20 F.3d 644, 647 (5th Cir. 1994). General jurisdiction will attach, even if the act or transaction sued upon is unrelated to the defendant's contacts with the forum state, if the defendant has engaged in "continuous and systematic" activities in the forum state. *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 415 (1984); *Wilson*, 20 F.3d at 647. Contacts between a defendant and the forum state must be "extensive" to satisfy the "continuous and systematic" test. *Submersible Sys., Inc. v. Perforadora Cent., S.A. de C.V.*, 249 F.3d 413, 419 (5th Cir. 2001); *see also Goodyear Dunlop Tires Operations, S.A. v. Brown*, 131 S. Ct. 2846, 2853-54 (2011) ("For an individual, the paradigm forum for the exercise of general jurisdiction is the individual's domicile; for a corporation it is an equivalent place, one in which the corporation is fairly regarded as at home.").

Specific jurisdiction exists when a nonresident defendant "has purposefully directed its activities at the forum state and the litigation results from alleged injuries that arise out of or relate to those activities." *Panda Brandywine Corp. v. Potomac Elec. Power Co.*, 253 F.3d 865, 867 (5th Cir. 2001); *Helicopteros*, 466 U.S. at 414 n. 8. Minimum contacts may be established by actions, or even just a single act, by the nonresident defendant that "purposefully avails itself of the privilege of conducting activities within the forum state, thus invoking the benefits and protections of its laws." *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 475 (1985). The Fifth Circuit has set out a three-step analysis to determine whether a court has specific jurisdiction:

> (1) whether the defendant has minimum contacts with the forum state, i.e., whether it purposely directed its activities toward the forum state or purposefully availed itself of the privileges of conducting activities there; (2) whether the plaintiff's cause of action arises out of or results from the defendant's forum-related contacts; and (3) whether the exercise of personal jurisdiction is fair and reasonable.

*Seiferth v. Helicopteros Atuneros, Inc.*, 472 F.3d 266, 271 (5th Cir. 2006) (quoting *Nuovo Pignone, SpA v. Storman Asia M/V*, 310 F.3d 374, 378 (5th Cir. 2002)).

### b. Venue

"For the convenience of the parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented." 28 U.S.C. § 1404(a). A district court may transfer a case to another district *sua sponte*. *See McKethan v. Texas Farm Bureau*, 996 F.2d 734, 739 (5th Cir. 1993); *Frazier v. F.B.I.*, 901 F. Supp. 217, 220 (E.D. La. 1995). Under § 1404 there exists a threshold inquiry of whether the suit could have been brought in the venue to which the action may be transferred. *In re Volkswagen AG*, 371 F.3d 201, 203 (5th Cir 2004). "A civil action may be brought in . . . a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated." 28 U.S.C. § 1391(b)(2). After this has been established, the court must consider whether the transfer would serve the convenience of the parties, witnesses, and the interests of justice. The court is afforded broad discretion in deciding whether transfer is appropriate.

### c. Discussion

Here, Defendant Bernard is an individual residing in the state of Texas. He was an employee of Nortek and worked in Texas. Therefore, this Court does not have general jurisdiction over him. Additionally, Plaintiffs have not alleged in their complaint that he traveled to or acted in Louisiana.[1] Therefore, Bernard has no contacts with Louisiana that would allow this Court to exercise specific jurisdiction over him. Plaintiff argues that if the Court finds personal jurisdiction over Nortek that it can then find supplemental "pendent party" jurisdiction over Bernard under 28

---

1 Plaintiffs claimed during oral argument that Bernard traveled to Louisiana to sell Nortek products. However, at the motion to dismiss stage, the Court is bound by the pleadings.

U.S.C. § 1367. However, pendent party jurisdiction is a subject matter jurisdiction doctrine that allows a court to hear a state law claim over one party when the claim arises from a common nucleus of operative facts with a federal question claim against the same party. It does not provide personal jurisdiction over a party.

> Pendent personal jurisdiction, like its better known cousin, supplemental subject matter jurisdiction, exists when a court possesses personal jurisdiction over a defendant for one claim, lacks an independent basis for personal jurisdiction over the defendant for another claim that arises out of the same nucleus of operative fact, and then, because it possesses personal jurisdiction over the first claim, asserts personal jurisdiction over the second claim.

*Conwill v. Greenberg Traurig, L.L.P.*, 2009 WL 5178310, at * 8 (E.D. La. 2009) (quoting *Rolls-Royce Corp. v. Heros, Inc.*, 576 F. Supp. 2d 765, 783 (N.D. Texas 2008)). Therefore, the Court must find personal jurisdiction over Bernard first before exercising pendent party jurisdiction over the state law claims. It is clear that this Court has no basis on Plaintiffs' pleadings to exercise personal jurisdiction over Bernard.

There are also serious questions as to whether this Court has jurisdiction over Nortek. Defendant Nortek is a corporate citizen of California and has its principle place of business in California. Additionally, it does not have a physical presence in the state of Louisiana. It is undisputed that Nortek does not have sufficient continuous and systematic contact with Louisiana to establish general jurisdiction. Therefore, the Court moves to analysis of specific jurisdiction. Nortek does have some contacts with Louisiana because it markets and distributes security products in the Louisiana through local dealers. However, the Court has serious concerns about finding specific jurisdiction over Nortek because Plaintiffs' allegations of wrongful actions, both bribery and preferential pricing, allegedly occurred in Texas and do not arise out of Nortek's contacts with Louisiana. Specific jurisdiction requires that the conduct alleged by Plaintiffs arise out of Defendant's contacts with the forum. Here, this connection is murky at best because, as

Defendant argues, selling products in the forum is not enough to establish specific jurisdiction. *See Bristol-Myers Squibb Co. v. Superior Court*, 137 S. Ct. 1773, 1781 (2017).

The Court finds that it is in the interests of justice and judicial efficiency to keep this case together. During oral argument, the Court discussed with each party which district courts would have jurisdiction over all parties. All parties indicated that they believe Texas courts would have jurisdiction over all Defendants. This Court has found that it does not have jurisdiction over Defendant Bernard. However, Bernard is a resident of Texas. Therefore, Texas courts will have personal jurisdiction over him. Additionally, Wave is based in Texas and Nortek has minimum contacts connected to the alleged wrongful conduct in this case. If this Court severed Bernard the case would in effect be litigated twice. This would be a waste of resources for all parties involved and may cause additional evidentiary issues as Bernard is likely a key witness for all parties.

Plaintiffs have requested that, rather than dismiss their complaint against a party over whom this Court does not have jurisdiction, the Court transfer the claims under 28 U.S.C. § 1631. Section 1631 permits a district court to transfer an action if it finds there is "a want of jurisdiction." 28 U.S.C. § 1631. Furthermore, the locus of the wrongful conduct alleged by Plaintiffs is in Texas. The majority of the evidence and witnesses are likely in Texas. The Court finds that it is likely that a substantial part of the events, both the creation/implementation of the alleged preferential pricing scheme and alleged bribery, took place in the Dallas/Fort Worth area where Bernard resides and out of which Nortek conducts regional sales. Therefore, the Court finds that it is in the interest of the parties, witnesses, and justice that this case be transferred in its entirety to the Northern District of Texas.

## IV. CONCLUSION

For the reasons stated above,

8

**IT IS ORDERED** that this case is hereby transferred to the United States District Court for the Northern District of Texas.

New Orleans, Louisiana, this 31st day of May, 2018.

_____
United States District Judge